IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2016 OCT -5 P 3: 18

WILLIAM W. BLEVINS
CLERK

**Howard A. Brown**
**Plaintiff**
Vs.

**ERROLL G. WILLIAMS, LAWRENCE E.**
**CHEHARDY, JIMMIE THORNS JR,**
**ROBERT D. HOFFMAN, JR.**

**Defendants**

CIVIL ACTION NO.
DEMAND TRIAL BY JURY

# 16-15251
# SECT. R MAG. 1

## COMPLAINT

### A. JURISDICTION

1. The jurisdiction of this court is invoked under title 28 Section 1343 (3), This being an action authorized by law to redress the deprivation under color of state law, statute, of a right, secured by the Constitution of the United State.

2. This court also have jurisdiction that is invoked under title 42 U.S.C. Section 1983, Deprivation of rights.

### B. PARTIES

4. Howard A. Brown one of the people of the United States republic and the republic of Louisiana, and the plaintiff in this matter hereafter refer to as "O, Efarmostis".

Fee $400.00
Process
X Dktd
CtRmDep
Doc. No.

5. All the above named defendant in this matter are elected and appointed officials presently serving as the Orleans Parish Assessor, Members of the Louisiana Tax Commission and their attorney hereafter refer to as "Extortioners".

C.    **FACTS**

6. On December 7, 2015 after a period of intense research and study I send to Mr. Errol G. Williams hereafter refer to as "extortioner-one" Orleans Parish Assessor, a letter asking him to please remove my private property from his tax roll. Within the body of my first correspondent to extortioner-one I inform him of my substantive right to have a roof over my head a place to eat and sleep.

7. I further outline to him the black's law definition of the word <u>ad valorem</u>, the Louisiana constitution guaranteeing every person a right to property, the preamble to the constitution of Louisiana that has an public servant he took an oath to uphold, and also under the Antitrust Act, I cannot be force to convert my private property into a commercial asset just so the municipal corporation can control it. In a letter dated December 16, 2015 in response to by December 7, letter. "Extortionor-one" Stated in part, "Thank you for your research on both the U.S. Constitution and the Louisiana Constitution. However, after reviewing your letter and in relationship to my duties as a tax assessor in Louisiana," I fail to find any reference that provides this office the authority to removed property from our tax rolls upon an owner's request".

8. extortioner-one then goes on to say, you are correct that you are entitled to a homestead exemption which you already have credited. You also have the right to appeal or challenge your assessment valuation if you disagree within

2

the time period provided by law. In my response to extortioner-one in a letter dated January 5, 2016 to his December 7, letter. I stated in part, Could you please show me where in my original letter to you I stated that I was either entitled or was I looking for a homestead exemption. There is nothing wrong with the law as it is written in the constitution and statue. I would encourage you or anyone from your office to show me by what authority are you subjecting me and my private property to an ad valorem taxation. If you are having a problem interpreting the current constitution of 1974. I would recommend the following:

(1) The constitution of 1921 section 4 of article 10 and R.S. 47:1703,
(2) Property subjected to ad valorem taxation R.S. 47: 1951
(3)Taxation R.S. 47: 1961.1

9. I then continue to state to extortioner-one that you will clearly see for any property to be subjected to an ad valorem tax, such a property must have a situs on it. Black's Law Dictionary, Fourth edition states: Site, position, the place where a thing is considered, for example, with reference to jurisdiction over it, or the right or power to tax it. I close out this letter wishing extortioner-one all the success in his research.   In extortioner-one response dated February 23, 2016 to my January 5, letter. He stated in part.

10. "Life lessons have taught me that reasonable men will often differ in their interpretation of what they may read. This is normal behavior that I respect. However, I must inform you that my plate is full and I have no further desire to

3

enter into intellectual debate over the differences in the definition of words, our constitution, or property rights laws".

11. Base on this unbelievable and most shocking statement from extortioner-one, I then send to Mr. Lawrence E. Chehardy, Chairman, Louisiana Tax Commission here after refer to as "Extortioner two". In a letter dated June 6, 2016. In which I stated to him that the purpose for my letter to him is to rebut the assumption and to move forward as necessary. As per Article 7, Section 18(e) which states. "The correctness of assessments by the assessor shall be subject to review first by the parish governing authority, then by the Louisiana Tax Commission or its successor, and finally by the courts.

12. I inform extortioner-two of the corresponding between myself and extortioner-one. I further inform him that the right to have a roof over one's head and a place to sleep, it's a substantive right, its God given, it's unalienable and cannot be taxed. I make reference to Article 1 of the Constitution Section 4(b) (1). I made reference to the Louisiana administrative code, title 61, chapter 1, Section 101 part V. I when on to ask him, can you please Sir, show me where my private property fails under this section. This private property, 1. Is not on public land, it does not fail under the classification of section 101 b. I also inform extortioner-two that, it is my belief that extortioner-one is having problems interpreting both the constitution and the government code that deals with revenue and taxation. And that I would advise that extortioner-two should encourage extortorner-one to take a look at (Act No. 21 of 1871). Approved

February 25, 1871 entitled "An act to secure homesteads to the settlers on the public lands of the state".

13. On July 18, 2016 a copy of the letter that was send to extortioner-two was send to Mr. Jimmie Thorns, Jr. the commissioner for district 3, which comprises Orleans parish. Here after refer to as, "Extortioner-three". It had been sometime and I did not receive any correspondence from extortioner-three so I place a call to his office and was told that I should be receiving a response soon, on or about September 15, 2016. I receive a letter from one Robert D. Hoffman, Jr. dated 12 September 2016, and hereafter "extortioner-four". Re: letter dated July 18, 2016 to the Louisiana Tax Commission.

14. In which extortioner-four stated that he is an attorney representing the Louisiana tax commission and that my letter has been forwarded to him for response. He continued to state that the State and local governments in this and every other State have the right to levy taxes upon private property, taxes upon transaction, taxes upon income, etc., in accordance with each state's constitution and/ or statutes. He went on to say...

15. The issue raised in your letter is what is termed a "legality challenge" under Louisiana law. Such challenges by law must be brought in a district court with proper jurisdiction over the property involved and the parties to any such lawsuit.

D.    **CONSPIRACY**

16. All the above named defendants individually and collectively all conspire against "O,efarmostis" by effectuating threats, oppression and intimidation all acts that was taken under color of state and federal laws. The extortioners also both individually and collectively infringed on my God given rights, that's guaranteed by the Constitution of the United States and the State of Louisiana for a financial gain. The supremacy clause of the United States Constitution (Article VI, Clause 2). This constitution, and the laws of the united states which shall be made in pursuance thereof; and all treaties made, or which shall be made under the Authority of the united states, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the constitution or laws of any states to the contrary notwithstanding.

17. It is clear for all to see that it is with willful intent and blatant disregard for the rule of law and efarmostis rights, that the extortioner's act to conspire and deprive efarmostis of his rights. Extortioner-one in his correspondent dated February 23, stated, "I have no further desire my plate is full to speak about the Constitution, property rights laws or meaning of any words". That has to do with the activity that he is engage in and using to coerce private property. Nowhere in the Louisiana constitution,

statutes or administrative code does it make reference or describe my private property. "The power to tax is the power to destroy", John Marshall 4th chief Justice of the U.S. Supreme Court. "Inclusio unius est exclusion alterius. The inclusion of one is the exclusion of another. The certain designation of one person is an absolute exclusion of all other.

18. This doctrine decrees that where law expressly describes a particular situation to which it shall apply, an irrefutable inference must be drawn that what is omitted or excluded was intended to be omitted or excluded". Article 1. U.S. Constitution, Section 8. The congress shall have power to lay and collect Taxes, Duties, Imposts and Excises, to pay the Debts and provide for the common defence and general welfare of the united states; but all Duties, Imposts and Excises shall be uniform throughout the united states; Section 9: "No capitation, or other direct, Tax shall be laid, unless in proportion to the census or Enumeration herein before directed to be taken."

19. All constitutionally valid federal tax must be either direct or indirect. Any tax laid on property or people, and thus unavoidable, is a direct tax. Under the constitution, federal direct taxes must be apportioned. Any tax which is not apportioned must have

7

the limiting characteristics of indirect taxes, which is to say, it can only be laid upon a wholly optional activity. Indirect taxes, which are denominated as imposts, duties and excises. In the united states supreme court, in the case of Murdock v. Pennsylvania 319 U.S. 105 480-487, (1943) the opinion was held that, by taxation or otherwise any natural person in the exercise of his or her rights. It could hardly be denied that a tax laid specifically on the exercise of those freedoms would be unconstitutional. Because the rights retained by the people are many and mostly undefined, the practical effect of this limitation is to confine the lawful application of excises to the benefits of privilege granted. In Sims v. Ahrens, 167 Ark 557, 271 SW 720 (Ark.S.Ct.1925) "Although the Legislature may declare as privileges and tax as such for state revenue purposes those pursuits and occupations that are not matters of common right, the legislature has no power to declare as a privilege and tax for revenue purposes occupations that are of common right"

20. Louisian constitution, Article 1. Section 2, No person shall be deprived of life, liberty, or property except by due process of law. Article 1. Section 4, Right to Property (A) Every person has the right to acquire, own, control, use, enjoy, protect, and dispose

of private property. 4.(B)(1) Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit. Article 1. Section 4. (5) In every expropriation or action to take property pursuant to the provisions of this section, a party has the right to trial by jury to determine whether the compensation is just. Section 4. (6)(c)Personal Effect, other than contraband, shall never be taken. Article 1. Section 19. No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. Article 1. Section 24. The enumeration in the constitution of certain rights shall not deny or disparage other rights retained by the individual citizens of the state.

21. Article VI, Section 26. (A) Parish tax for general purposes: Millage Limits; Increase. The governing authority of a parish may levy annually an ad valorem tax for general purposes. Section 30. (A) A Political Subdivision may exercise the power of taxation, subject to limitations elsewhere provided by this constitution under authority granted by the legislature for parish, municipal, and other local purposes, Strictly Public in their nature. Article VII, Section 1. Power to tax;

Public Purpose. (A) Except as otherwise provided by this constitution, the power of taxation shall be vested in the legislature, shall never be surrendered, suspended, or contracted away, and shall be exercised for public purposes only. <u>Article VII, Section 18</u>. (B) The classifications of property subject to ad valorem taxation. <u>Article VII, Section 20</u>. Homestead Exemption; Consisting of a tract of land or two or more tracts of land, with a residence on one tract and a field with or without timber on it, pasture, or garden on the other tract or tracts, not exceeding one hundred sixty acres, buildings and appurtenances whether rural or urban, owned and occupied by any person or persons owning the property in indivision. As it relates to homestead exemption in my January 5, 2016. Letter to extortioner-one, I inform him of the origin and purpose of the homestead exemption (Act. Act, No. 21, 1871). Approved February 25, 1871. Entitled "an act to secure homestead to the actual settlers on the public lands of the state". On the federal level the Homestead Act was signed into law by President Abraham Lincoln on May 20, 1862. <u>Provision of the Homestead Act</u>,

a. To aid the head of a family to Acquire title to a place of residence.
b. Protect the owner against loss of that title through seizure for a debt.

c. Protection for heirs in the event the homesteader died.

d. That an eligible person by affidavit attested to the requirements, plus the requirements that the land was being entered for the exclusive use of the applicant and for settlement and cultivation.

22. Extertioner-four in his 12 September 2016, letter would erroneously lead one to believe that the state of Louisiana and every other state has a right to tax my private property, which that's not the case. One would have to look no further than:

## The State of Florida

| Title XIV | Chapter 196 |
|---|---|
| **TAXATION AND FINANCE** | **EXEMPTION** |

196.181 Exemption of household goods and personal effects.— There shall be exempt from taxation to every person residing and making his or her permanent home in this state household goods and personal effects. Title to such household goods and personal effects may be held individually, by the entireties, jointly or in common with others.

### 12D-7.002 Exemption of Household Goods and Personal Effects.

Only household goods and personal effects of the taxpayer which are actually employed in the use of serving the creature comforts of the owner and not held for commercial purposes are entitled to the exemption provided by Section 196.181, F.S. "Creature comforts" are things which give bodily comfort, such as food, clothing and shelter. Commercial purposes includes owning household goods and personal effects as stock in trade or as furnishings in rental dwelling units

196.031 Exemption of homesteads.—

(1)(a)  A person who, on January 1, has the legal title or beneficial title in equity to real property in this state and who in good faith makes the property his or her permanent residence or the permanent residence of another or others legally or naturally dependent upon him or her, is entitled to an exemption from all taxation, except for assessments for special benefits, up to the assessed.

2.                    The State of Arizona Constitution, Article 9. Section

(4) (4) all household goods owned by the user thereof and used solely for noncommercial purposes shall be exempt from taxation, and such person entitled to such exemption shall not be required to take any affirmative action to receive the benefit of such exemption.

The State of Louisiana

Louisiana house of Representative:  PROPERTY TAX BASICS

Constitutional authority to tax; The Louisiana constitution provides for all major elements of ad valorem (property) tax policy. Virtually any material change to the property tax requires a constitutional amendment which requires a super-majority vote of the legislature, as well as statewide voter approval. Taxable property, there are two classes of taxable property subject to ad valorem tax, real property and personal property. Real property includes land, buildings and other improvements to land, and mobile homes. Personal property includes movable items such as machinery, fixtures, and furnishings. Household goods, vehicles licensed to operate on highways, and personal effects are not subject to property tax.

**Title 61 REVENUE AND TAXATION**   **Part V. Ad Valorem** **Taxation**

§101. Constitutional Principles for Property Taxation.   F. Homestead Exemptions

g. If part of a property is used as income producing property, the part occupied by the owner as a residence is exempt, the income producing part is not (portion of home used as a place of business is not exempt, A.G.'s Opinion 1940-42, p. 4129; A.G.'s Opinion 1934-36, p. 1144; rented half of double house not exempt, A.G.'s Opinion 1934-36, p. 1138).

23. To extortioner-four, to me sir, the law is clear and if it is not. It should be void for vagueness. The Courts have held that it is a well-settled principle of constitutional law that "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law." See: Connally v. General Construction Co. (1926) 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322.

The court stated that the policies underlying the proscription against vagueness are equally well established: "*Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory*

application." See: Grayned v. City of Rockford (1972) 408 U.S. 104, 108-109, 92 S.Ct. 2294, 2298-2299, 33 L.Ed.2d 222; Hoffman Estates v. Flipside, Hoffman[710 P.2d 850] Estates, Inc. (1982) 455 U.S. 489, 498, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362, rehg. den., 456 U.S. 950, 102 S.Ct. 2023, 72 L.Ed.2d 476.).

24. The buck stop with extortioner-two and extortioner-three, as members of the Louisiana tax commission with the authority to reassess a property at any time, In addition to reviewing and accepting assessment lists from each parish, with the authority to reject or order individual changes, the commission devises and issues all forms used for property tax implementation and prepares and issues rules and regulations which prescribe how assessors are to perform their duties and responsibilities. It is therefore clear for all to see that what is happening here, the extortioners are taken a commercial process and converting it into a private one for a finical gain and that is the definition of theft. The elements of conversion cause of action, 1. The plaintiff has clear legal ownership or right to possession of the property at the time of the conversion. 2. The defendant conversion by a wrongful act or disposition of plaintiff's property rights. United States v. Burr 309 U.S. 242, the Supreme Court stated "when government enter into the world of commerce they are subject to the same burden as any private firm or corporation".

25. it's a violation of the (Antitrust Act) I cannot be force to convert my private property into a commercial asset just so the municipal corporation can control it. Corporation cannot over power and come upon the private sector to steal

land from them just because they have the power to do it.   My property is not only private property. It is also patent land. I, and I alone has title to my property a copy of which can be found in the Orleans's parish recorder office." A patent for land is the highest evidence of title and is conclusive as against the government and all claiming under junior patents or title" United States v. Stone 2 U.S. 525. "The land patent is the highest evidence of title and is immune from collateral attack" Raestle V. Whitson, 582p. 2d 170,172 (1978).   "The patent is the instrument which, under the laws of congress, passes title from the United States and the Patent when regular on its face, is conclusive evidence of title in the patentee, when there is a confrontation between two parties as to the superior legal title, the patent is Conclusive evidence as to ownership." [Gibson v. Chauteau, 13 Wall 92 (1871)]

E.       DAMAGES

As a direct and nefarious result of the extortioners act in depriving efarmostis of his rights individually and collectively, efarmostis has suffered monetary loss in the form of loss time from work, time spend in law library, time spend trying to communicate with the extortioners administratively, court cost, travel cost, and other expenses. The mental anguish as a result of defending my private property from the extortioners.

WHEREFORE, Efarmostis demands judgment from the defendants as follows:

a. Compensatory damages in the amount of $4,800,000

b. Punitive damages in the amount of $16,000,000

C. All cost for this action. All in U.S Dollars

A trial by jury is demand as per the VII Amendment of the U.S Constitution.

Date: 10/05/2016

Howard A. Brown, PRO SE
4711 Marque Drive New Orleans
Louisiana, Republic (70127)
504-251-1203