UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HOWARD BROWN                                        CIVIL ACTION

VERSUS                                              NO. 16-15251

ERROLL G. WILLIAMS, ET AL                           SECTION "R" (1)


## ORDER AND REASONS

Defendants Erroll G. Williams, Lawrence E. Chehardy, Jimmie Thorns, Jr., and Robert D. Hoffman, Jr. move[1] the Court to dismiss plaintiff Howard Brown's complaint.[2]   Because the Court does not have jurisdiction to entertain plaintiff's complaint, the motions to dismiss are GRANTED.


## I.    BACKGROUND

This case arises out of a tax dispute.   Plaintiff believes that the application of Louisiana's *ad valorem* tax scheme to plaintiff's property is unconstitutional under both the United States and Louisiana constitutions. On October 5, 2016, Plaintiff Howard Brown filed this *pro se* lawsuit alleging that defendants conspired to deprive plaintiff of his rights.   At the time the complaint was filed, defendant Williams was the Assessor of Orleans Parish,

---

[1]     R. Doc. 6; R. Doc. 13.
[2]     R. Doc. 1.

Chehardy and Thorns were members of the Louisiana Tax Commission, and Hoffman was special counsel for the Commission.  Plaintiff's complaint alleges that, in imposing an *ad valorem* tax on Brown's property, the defendants conspired to violate plaintiff's constitutional rights.  Plaintiff seeks $20,800,000 and costs for his suit.[3]

On October 13, 2016, defendant Williams filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  On October 31, the remaining defendants filed a motion to dismiss under Rule 12(b)(1) and 12(b)(6) as well as a motion to strike under Rule 12(f).[4]  Plaintiff filed a response on November 15, 2016,[5] and defendants replied three days later.[6] Defendants' motions to dismiss argue that the Court lacks jurisdiction to hear this case pursuant to the Tax Injunction Act, and possibly under the Eleventh Amendment.  The motions also argue that even if this Court had jurisdiction, plaintiff has failed to state a claim upon which relief can be granted.

---

[3]   R. Doc. 1 at 16.
[4]   R. Doc. 13-1 at 2.
[5]   R. Doc. 14.
[6]   R. Doc. 17.

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1)

Fed. R. Civ. P. 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim. Motions submitted under that rule allow a party to challenge the court's subject matter jurisdiction based upon the allegations on the face of the complaint. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *see also Lopez v. City of Dallas*, No. 03-2223, 2006 WL 1450420, at *2 (N.D. Tex. May 24, 2006).

If the court lacks the statutory or constitutional power to adjudicate a claim, the claim must be dismissed for lack of subject matter jurisdiction. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).  A court has federal question jurisdiction when the plaintiff's claim arises under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  A claim arises under federal law when federal law creates the cause of action.  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  When "a private citizen relies on a federal statute as the basis of federal question jurisdiction, that statute must provide a private cause of action, or else a federal court will not have subject matter jurisdiction to hear the dispute."  *Lowe v. ViewPoint Bank*,

972 F. Supp. 2d 947, 954 (N.D. Tex. 2013) (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 817 (1986)).

In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro*, 74 F.3d at 659. A court's dismissal of a case for lack of subject-matter jurisdiction is not a decision on the merits, and the dismissal does not necessarily prevent the plaintiff from pursuing the claim in another forum. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

## B.    Rule 12(b)(6)

When a defendant attacks the complaint because it fails to state a legally cognizable claim, Rule 12(b)(6) provides the appropriate challenge. To survive a Rule 12(b)(6) motion to dismiss, plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when a plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* at 678.  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiffs.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true*.  Id.*  It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action.  *Twombly*, 550 U.S. at 555.  In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.  *Lormand*, 565 F.3d at 255-57.  If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007), the claim must be dismissed.

Finally, because plaintiff is a *pro se* litigant, the Court will apply "less stringent standards to parties proceeding *pro se* than to parties represented

by counsel. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam). This does not mean, however, that a court "will invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred*, 353 F. App'x 949, 951-52 (5th Cir. 2009). Therefore, even a liberally construed *pro se* complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

## III.  DISCUSSION

The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. As the Fifth Circuit holds, "[s]ection 1341 reflects 'the fundamental principle of comity between federal courts and state governments that is essential to Our Federalism, particularly in the area of state taxation.'" *Washington v. New Orleans City*, 424 F. App'x 307, 309-10 (5th Cir. 2011) (quoting *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 103 (1981)). Federal courts interpret section 1341's text to advance its purpose of "confin[ing] federal-court intervention in state government." *ANR Pipeline Co. v. Louisiana Tax Comm'n*, 646 F.3d 940,

946 (5th Cir. 2011) (quoting *Arkansas v. Farm Credit Servs. of Cent. Ark.*, 520 U.S. 821, 826-27 (1997)).

Here, plaintiff seeks $20,800,000 in damages arising out of the allegedly unconstitutional application of Louisiana's *ad valorem* tax scheme to his property.  As the text of section 1341 instructs courts not to "enjoin, suspend or restrain the assessment, levy or collection of any tax," 28 U.S.C. § 1341, plaintiff argues that Act does not apply here because he has never "asked [the] court or intend[ed] to ask a jury to enjoin, suspend, restrain, levy or collect any tax under Louisiana state law."[7]   Plaintiff's argument ignores the breadth of the Tax Injunction Act.  The Fifth Circuit has made clear that the Tax Injunction Act "is not a narrow statute aimed only at injunctive interference with tax collection, but is rather a broad restriction on federal jurisdiction in suits that impede state tax administration . . . ." *United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323, 326 (5th Cir. 1979). Consistent with this broad interpretation, the Fifth Circuit has previously found that the Tax Injunction Act also applies to federal suits for damages against state tax administrators based on theories that the enforcement of the tax is unconstitutional, because the suit "would have many of the same detrimental effects that actions for tax refund, declaratory, or injunction

---

[7]      R. Doc. 14-1 at 3.

relief would have." *A Bonding Co. v. Sunnuck*, 629 F.2d 1127, 1133-34 (5th Cir. 1980).  Further, that the suit alleges civil rights violations under 42 U.S.C. § 1983 does not preclude the application of the Tax Injunction Act. *Moss v. State of Ga.*, 655 F.2d 668, 669 (5th Cir. 1981).  Thus, the Court may not exercise jurisdiction unless Louisiana fails to provide a "plain, speedy, and efficient remedy" for plaintiff's claims.  28 U.S.C. § 1341.

"State courts are equipped to furnish a plain, speedy, and efficient remedy if they provide a procedural vehicle that affords taxpayers the opportunity to raise their federal constitutional claims."  *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1012 (5th Cir. 1998). A state's remedy is therefore adequate when it provides taxpayers with a complete judicial determination, with ultimate review available in the United States Supreme Court. *Smith v. Travis Cnty. Educ. Dist.*, 968 F.2d 453, 456 (5th Cir. 1992) (quoting *Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 514 (1981)). Importantly, "the state remedy need not be the best of all remedies. [I]t need only be adequate." *Home Builders*, 143 F.3d at 1012 (quoting *Alnoa G. Corp. v. City of Houston, Tex.*, 563 F.2d 769, 772 (5th Cir. 1977)).

Here, Louisiana provides a procedural vehicle for raising constitutional challenges to state taxation schemes: payment under

8

Louisiana's payment-under-protest statute and a refund suit in state court. As the Fifth Circuit has repeatedly held, these procedures provide an adequate means of asserting constitutional claims in Louisiana courts. *See Washington*, 424 F. App'x at 310; *ANR Pipeline*, 646 F.3d at 947; *MRT Expl. Co. v. McNamara*, 731 F.2d 260, 263 n.5 (5th Cir. 1984) ("[T]he Louisiana refund procedure provides taxpayers with a plain, speedy, and efficient remedy in the Louisiana courts."). Plaintiff's response to the motions to dismiss does not contest that Louisiana provides taxpayers who wish to challenge Louisiana's *ad valorem* taxation scheme with a plain, speedy, and efficient remedy. Thus, the relief that plaintiff seeks in this case would dispute Louisiana's tax administration, and a plain, speedy and efficient remedy is available in state court. Accordingly, the Tax Injunction Act precludes the Court from exercising jurisdiction over this case.[8]

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motions to dismiss. Plaintiff's complaint is DISMISSED under Federal Rule of Civil

---

[8]     Because the Court lacks jurisdiction over plaintiff's complaint, the Court need not address whether plaintiff's suit is barred by the Eleventh Amendment or if plaintiff has failed to state a claim upon which relief can be granted.

Procedure 12(b)(1) for lack of subject matter jurisdiction.   Since this dismissal is for lack of subject matter jurisdiction, it is without prejudice to plaintiff's right to pursue his claims in state court.


       New Orleans, Louisiana, this __12th__ day of January, 2017.


                    _Sarah Vance_
                    SARAH S. VANCE
              UNITED STATES DISTRICT JUDGE

10